**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000094**
**18-APR-2019**
**08:16 AM**

NO. CAAP-18-0000094

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
TETJUNIOR SENIP, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-17-0000808)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Tetjunior Senip (**Senip**) appeals from a "Judgment of Conviction and Sentence" (**Judgment**) entered on January 25, 2018, in the Circuit Court of the First Circuit (**circuit court**).[1] Senip was convicted of Attempted Arson in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 705-500 (2014)[2] and HRS § 708-8251(1)(a) (2014).[3]

---

[1] The Honorable Karen T. Nakasone presided.

[2] HRS § 705-500 provides:

§705-500 **Criminal attempt.** (1) A person is guilty of an attempt to commit a crime if the person:
    (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or
    (b) Intentionally engages in conduct which, under the circumstances as the person believes them to
(continued...)

On appeal, Senip contends that the circuit court erred in entering its Judgement because Plaintiff-Appellee State of Hawai'i (the **State**) presented insufficient evidence that Senip's actions had placed any person in danger of death or bodily injury to enable a jury to convict him of Attempted Arson in the First Degree. Accordingly, Senip asserts that he "was convicted on less than proof beyond a reasonable doubt, in violation of his constitutional rights to due process and [a] fair trial."

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant statutory and case law, we resolve Senip's point of error as follows, and affirm.

When reviewing the sufficiency of the evidence on appeal,

---

[2] (...continued)

> be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.
>
> (2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.
>
> (3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

[3] HRS § 708-8251(1)(a) provides:

> [§708-8251] **Arson in the first degree.** (1) A person commits the offense of arson in the first degree if the person intentionally or knowingly sets fire to or causes to be burned property and:
>
> (a) Knowingly places another person in danger of death or bodily injury[.]

HRS Chapter 708 does not have a definition for "bodily injury" but HRS § 707-700 (2014) provides that "'[b]odily injury' means physical pain, illness, or any impairment of physical condition." We note that the pattern jury instructions for the offense of Arson in the First Degree refers to this definition of "bodily injury". Hawai'i Standard Jury Instructions Criminal (**HAWJIC**) 10.54; HAWJIC 9.00.

> [e]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010) (citation omitted).  "Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Id. (internal quotation marks omitted).

When establishing criminal intent, "[i]t is an elementary principle of law that intent may be proved by circumstantial evidence; that the element of intent can rarely be shown by direct evidence; and it may be shown by a reasonable inference arising from the circumstances surrounding the act." State v. Hopkins, 60 Haw. 540, 544, 592 P.2d 810, 812 (1979) (citation and internal quotation marks omitted).  Further, a defendant's criminal intent "may be read from his acts, conduct and inferences fairly drawn from all the circumstances."  State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (block quote format altered) (citation omitted).

In the instant case, Senip was charged and convicted of Attempted Arson in the First Degree for attempting to set a fire at a Texaco gas station.  HRS § 705-500, entitled "Criminal attempt", provides in relevant part:

> (1)   A person is guilty of an attempt to commit a crime if the person:
>
> . . . .
>
> (b)    Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.
>
> (2)    When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the

3

person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(3)   Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

(Emphases added).   A person commits the offense of Arson in the First Degree if he or she "intentionally or knowingly sets fire to or causes to be burned property and . . . [k]nowingly places another person in danger of death or bodily injury[.]   HRS § 708-8251(1)(a) (emphasis added).

Senip contends that the State adduced insufficient evidence to enable a jury to conclude that Senip had committed Attempted Arson in the First Degree, because there was no substantial evidence that Senip had knowingly placed another person in danger of death or bodily injury.   Senip asserts there was no evidence regarding the identity or presence of any person Senip was alleged to have put in danger and no evidence that anyone was in the Texaco mini-mart when the police arrived.   We conclude that there was substantial evidence from which the jury could infer that Senip intentionally engaged in conduct which, under the circumstances as he believed them to be, constituted a substantial step in a course of conduct intended to culminate in setting fire to property and knowingly placing another person in danger of death or bodily injury.

The testimony at trial established that on the morning of June 14, 2017, Honolulu Police Officer Tyler Kawano (**Officer Kawano**) was the first officer to arrive at the Texaco gas station.   Officer Kawano testified that, as he arrived at the scene, he observed Senip dragging a rubbish can towards an open lid of an underground fuel storage container.   Officer Kawano testified that while exiting his vehicle, he observed Senip holding a paper bag and a lighter and it appeared that Senip was going to ignite the paper bag.   At that point, Officer Kawano testified he was facing Senip and was within six to eight feet of Senip.   Because it appeared to Officer Kawano that Senip was

4

going to light the paper bag, he ran towards Senip and yelled at him to stop. While standing over the open underground fuel storage container, Senip proceeded to light the paper bag with the lighter, to the point that smoke was coming from the bag, and Senip threw the bag toward the opening of the underground fuel storage container. Officer Kawano then "stomped out" the smoldering bag, fearing that it would ignite the fumes from the underground tank.

Senip was then detained. Honolulu Police Officer Sydney Sweeney (**Officer Sweeney**) testified that after arriving at the Texaco station he began watching over Senip. During this time, Officer Sweeney heard Senip make a comment, unsolicited, "[j]ust let me light it, I kill him. I don't care" while facing the direction of the cashier's kiosk. The State also offered expert testimony that the fire that Senip was observed starting was intentionally set.

The evidence adduced at trial, including witness testimony and photographs, was sufficient to enable a person of reasonable caution to conclude that Senip had committed Attempted Arson in the First Degree. As to Senip's contention that there was insufficient evidence to show that he had knowingly put another person in danger, there is ample evidence that he lit the paper bag and threw it toward the opening of the underground fuel container when Officer Kawano was, at minimum, within six to eight feet away from him. This is sufficient evidence from which the jury could reasonably determine that Senip knowingly put Officer Kawano in danger of death or bodily injury.

Additionally, Senip's unsolicited statement, "[j]ust let me light it, I kill him. I don't care", is further evidence from which the jury could reasonably conclude that, under the circumstances that Senip believed them to be, he had knowingly put a person in danger of death or bodily injury by trying to light fire to the open underground fuel storage container.

Therefore, the Circuit Court of the First Circuit's "Judgment of Conviction and Sentence", filed January 25, 2018, is affirmed.

DATED: Honolulu, Hawai'i, April 18, 2019.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge